JUDGE HARDIN
delivered the opinion op the court.
Under a judgment for the sale of certain houses and lots in the city of Columbus as the property of W. K. Hall, but which his wife, Mrs. M. A. Hall, claimed, a warehouse and lot were purchased by Josiah Brummal, in July, 1860, and he took possession of the property in December, 1860. In the war which shortly afterward commenced, Brummal, or his representatives, he having died, were excluded from the possession, and the property was alternately occupied for military purposes by the agents of the Confederate and Federal Governments — the former burning the warehouse on their evacuation of Columbus in 1862, and the latter erecting a new one on the lot, which was used by the government until the close of the war, and sold by the agents of the government to one of the representatives of Brummal’s estate on his resuming the possession in January, 1866.
In the mean time the judgment of sale was reversed by this court on the appeal of Hall and wife; and after further *45 litigation between them and Brummal’s representatives in the court below the cause was again brought to this court, which finally decided that Mrs. Hall was entitled to restitution of the property, subject to a claim of Brummal’s representatives for purchase-money paid before the prosecution of the first appeal, or such balance as might be found due to them upon an adjustment of the rights of the parties, including rents and improvements.
On the return of the cause it was ascertained by a commissioner that, excluding the time Brummal’s representatives were deprived of the use of the property, and charging them with rents only for the time they occupied it, they should account for $1,600 as rents, and that the newly-erected building was worth to the owner of the lot $1,800, but had only cost Brummal’s estate $365.
Upon these facts the court, in the judgment from which this appeal is prosecuted by Hall and wife, allowed the appellees the entire value of the improvements as reported.
It is insisted for the appellants that if the appellees were, under the circumstances attending their possession of the property, entitled to any remuneration for improvements— they not having been made accountable for the warehouse which was burned, nor for rents while the property was under military occupancy — they should be restricted to the amount which the new improvement really cost them.
It is a settled principle of equity that where an account of rents and profits is sought of one who stands in the attitude of an innocent purchaser, he shall be allowed for his meliorations and improvements of the property (Story’s Eq. Jur., see. 1237); and generally the amount of the allowance depends on the actual enhancement of the value of the property rather than the cost of the improvements. But this rule is not, we think, applicable to this case. The fact that Brummal’s representatives were allowed by the agents of the government, on *46 resuming the possession, to have the new building for a mere fraction of its value, although they had the power to remove it, if not as much right to do so as they had to build it without the owner’s consent, strongly implies that those advantageous terms were accorded because the appellees were in the position of owners of the lot, and had apparently been subjected to the loss,of the first building as well as the use of the property. We think therefore this bargain for the improvements should be regarded as made constructively in trust for the benefit of Mrs. Hall, who has sustained the losses referred to, and who might have made it herself but for the possession and claim of the appellees; and they should only have been reimbursed the amount the improvements cost them.
Wherefore the judgment is reversed, and the cause remanded for a judgment in conformity to this opinion.